UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FRANK SCHWAMBORN,

                Plaintiff,

           -against-

COUNTY OF NASSAU; THOMAS SUOZZI,
COUNTY EXECUTIVE; EDWARD REILLY,
NASSAU COUNTY SHERIFF; LT. MICHAEL
GOLIO, LEGAL UNIT; NASSAU COUNTY
CORRECTIONAL CENTER; UNITED STATES
MARSHALS SERVICE; and BURTON T. RYAN,
ASSISTANT UNITED STATES ATTORNEY,

                Defendants.
----------------------------------------------------------X

**OPINION & ORDER**
06-CV-6528 (SJF) (ARL)

FEUERSTEIN, J.

I.    Introduction

Plaintiff Frank Schwamborn ("Plaintiff" or "Schwamborn") commenced this action against the United States Marshals Service ("USMS") and Assistant United States Attorney Burton T. Ryan ("Ryan") (collectively the "federal Defendants"), and against the County of Nassau ("Nassau County"), Nassau County Correctional Center ("NCCC"), Nassau County Executive Thomas Suozzi ("Suozzi"), Nassau County Sheriff Edward Reilly ("Reilly"), and Lieutenant Michael Golio ("Golio") of the Nassau County Sheriffs' Legal Unit (collectively, the "County Defendants") claiming violations of 42 U.S.C. §§1983 and 1985.

The federal Defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12 (b)(6). The County Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has cross-moved to amend his complaint.

For the reasons stated herein, the federal Defendants' Motion to Dismiss is GRANTED, the County Defendants' Motion to Dismiss is GRANTED, and the Plaintiff's Motion to Amend is DENIED.

II.     Background

The Plaintiff is a federal pretrial detainee pursuant to the indictment filed in criminal case number 06-cr-0328.  See United States of America v. Schwamborn, No. 2:06-cr-0328, Indictment (E.D.N.Y. 2006) (doc. #1).  Pursuant to its contract with Nassau County, authorized by 18 U.S.C. § 4013, the Justice Department[1] originally committed Plaintiff to the NCCC in May 2006.  In March 2007, Plaintiff was transferred to the Private Detention Center in Queens, New York.

In December 2006, Plaintiff moved for "legal visit" privileges for his sister, whom he claims is a certified paralegal.[2]  (See doc. #4.)  While that motion was pending, on February 5, 2007, Plaintiff moved to compel the Nassau County Sheriff to permit "legal visits" by his sister.  (See doc. #7.)  On February 21, 2007, Plaintiff moved this Court for a "temporary Order of Injunctive Relief" seeking the same relief.  (See doc. #10.)  On March 7, 2007, this Court denied Plaintiff's motions.  (See doc. #11.)  On March 19, 2007, Plaintiff was transferred to the Queens facility.

---

[1] Insofar as Plaintiff alleges that federal Defendants violated 18 U.S.C. §4013 in contracting with NCCC, 18 U.S.C. §§ 4002 and 4013 do not authorize a private cause of action against the Marshals Service or an Assistant United States Attorney.  See Ortega v. Rowe, 796 F.2d 765, 767 (5th Cir. 1986) (citing Owens v. Haas, 601 F.2d 1242, 1247-48 (2d Cir. 1979)).

[2] Plaintiff previously made the same application, which was denied, when he was incarcerated pursuant to the indictment entered in case number 01-cr-0416.  See United States of America v. Aparo, et al., No. 1:01-cr-0416 (E.D.N.Y. 2001).

III.     Discussion

   A.     *Standard of Review for a Motion to Dismiss*

      1.     Under Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to raise the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a district court lacks statutory or constitutional authority to adjudicate a case, it is proper for it to dismiss a case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. See Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. (citing Makarova, 201 F.3d at 113; further citation omitted).

      2.     Under Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Recently, the Supreme Court clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). See Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007). The previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was replaced to require that a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. However,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

> labels and conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. Factual allegations must be
> enough to raise a right of relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if
> doubtful in fact).

Id. at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that Twombly does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, Twombly "'require[s] enough facts to 'nudge [a plaintiff's] claim across the line from conceivable to plausible.'" In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007)(quoting Twombly, 127 S. Ct. at 1974)).[3]

A court must view the allegations in a complaint in the light most favorable to the plaintiff, see Scheur v. Rhodes, 416 U.S. 232, 236 (1974), construing *pro se* complaints liberally. See Elliot v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989). And, a complaint alleging a civil rights violation must contain specific factual allegations "indicting a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

---

[3] The Second Circuit has "declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases." ATSI Commn's Inc., 493 F.3d at 98 n.2.

B. *The Instant Motions to Dismiss*

1. The Federal Defendants

(a) *Federal Rule of Civil Procedure 12(b)(1), Dismissal for Lack of Subject Matter Jurisdiction*

(i) Sovereign Immunity

It is the Plaintiff's burden to allege and prove subject matter jurisdiction by a preponderance of the evidence. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). A waiver of sovereign immunity is a jurisdictional prerequisite to suit against the United States. See F.D.I.C. v. Meyer, 510 U.S. 471 (1994); Morales v. United States, 38 F.3d 65(2d Cir. 1994). Absent a waiver, this Court does not have subject matter jurisdiction over Plaintiff's claims against the federal Defendants. See Meyer, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

Plaintiff's Complaint does not allege a waiver of sovereign immunity. Therefore, he fails to meet his burden of proving the requisite subject matter jurisdiction, and the Court is compelled by Rule 12(b)(1) to dismiss Plaintiff's claims against the federal Defendants.

(ii) The Federal Tort Claims Act

Insofar as the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts, it requires an exhaustion of administrative remedies prior to suit and the burden is upon a plaintiff seeking to proceed under the FTCA to plead and prove compliance with these statutory requirements. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir.

1999). Plaintiff has not alleged exhaustion of administrative remedies. Moreover, the Declaration of Gerald M. Auerbach, General Counsel for the USMS, indicates that no claims were presented to the USMS by Plaintiff. (See Auerbach Decl. (June 5, 2007) (doc. # 52-8).)[4] Therefore, as Plaintiff has failed to plead and prove a waiver of sovereign immunity, this Court lacks subject matter jurisdiction over Plaintiff's claims against the federal Defendants. See, e.g., Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."); In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) (instructing that plaintiff's failure to plead and prove compliance with FTCA deprives district court of jurisdiction over claim); see also Baxter v. U.S. Postal Servs., No. 04-cv-2217 (DRH)(ETB), 2005 WL 3184275, at *2 (E.D.N.Y. Nov. 29, 2005). Thus, Plaintiff's claims against the federal Defendants in their official capacities are hereby dismissed.

Moreover, even assuming that Plaintiff intended to pursue his claims admiminstratively pursuant to the FTCA, that statute's limited waiver of immunity does not extend to suits against federal agencies or employees who are acting within the scope of their employment. See 28 U.S.C. §2679(a), (b); see also Meyer, 510 U.S. 471; Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975); Baxter, 2005 WL 3184275, at *2.

Insofar as Plaintiff seeks to invoke jurisdiction over the federal Defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that case permits him to sue government officials responsible for violating his constitutional

---

[4] In deciding these Motions to Dismiss, the Court is permitted to look at documents outside of the pleadings. See, e.g., Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

rights only in their individual capacities. See Butz v. Economou, 438 U.S. 478 (1978); see also generally Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). Bivens is not a means of subverting the doctrine of sovereign immunity as that doctrine applies to the federal Defendants in their official capacities. Hence, on this alternative basis, all claims asserted against the federal Defendants in their official capacities are dismissed.

### (iii) 42 U.S.C. § 1983

Likewise, Plaintiff's allegations of 42 U.S. §1983 violations cannot create a jurisdictional predicate for suit against the federal Defendants. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. §1983 (emphasis added). Since the federal Defendants are federal actors, they act under federal law; they do not act "under color of state law." Therefore, jurisdiction predicated upon § 1983 cannot be sustained as against the federal Defendants. See Wheeldin v. Wheeler, 373 U.S. 647 (1963).

### (b) *Federal Rule of Civil Procedure 12(b)(6), Dismissal for Failure to State a Claim*

Even if Plaintiff had sustained his burden of establishing subject matter over the federal Defendants, his Complaint would be subject to dismissal for failure to state a cause of action. Plaintiff fails to provide any specific factual basis for any substantive claim against the federal Defendants. Even under the Twombly standard, failure to state a cognizable cause of action

upon which relief may be granted requires dismissal of the Complaint pursuant to Rule 12(b)(6).

Plaintiff fails to allege any violation by the federal Defendants of a clearly established statutory or constitutional right for which a reasonable person in any of the federal Defendants' positions would have been aware. Even if Plaintiff had alleged a violation of a clearly established right, government officials performing discretionary functions are immune from personal liability under the doctrine of qualified immunity if their conduct was objectively reasonable or if reasonably competent individuals could disagree as to the reasonableness of the challenged conduct. See Malley v. Briggs, 475 U.S. 335, 344-45 (1986). Plaintiff has not identified a clearly established right which the federal Defendants violated. Thus, Ryan is entitled to the defense of qualified immunity, see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and the federal Defendants are entitled to dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Insofar as Plaintiff alleges that Ryan interfered with Plaintiff's ability to meet with his sister; however, this general conclusory assertion is insufficient to state a cognizable claim, much less a constitutional violation, which is necessary to support a Bivens claim against Ryan. In any event, Plaintiff has not denied that his attorneys failed to comply with 28 C.F.R. §§ 543.6 or §543.16 which provide for visits of legal assistants subject to the discretion of the warden of the institution. Therefore, Plaintiff fails to state a cognizable cause of action upon which relief may be granted, and dismissal under Rule 12(b)(6) is proper.

Nor has there been a showing of exhaustion of administration remedies as required by the Prisoner Litigator Reform Act. See 42 U.S.C. §1997e; see also Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA

and that unexhausted claims cannot be brought in court.").

The Prison Litigation Reform Act states that "no action shall be brought with respect to prison conditions under 42 U.S.C. 1983, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement is applicable "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). See also Ruggerio v. County of Orange, 467 F.3d 170 (2d Cir. 2006). To exhaust administrative remedies, inmates "must challenge the prison condition in question to the highest level of administrative review before filing suit." Page v. Breslin, No. 02-CV-6030 (SJF)(LB), 2004 WL 2713266, at *2 (E.D.N.Y. Nov. 29, 2004) (citing Davis v. Reilly, 324 F. Supp. 2d 361, 365 (E.D.N.Y. 2004)).

While a "prisoner plaintiff[] need not plead exhaustion with particularity," Sloane v. Mazzuca, No. 04-cv-8266 (KMK), 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006), as it is an affirmative defense, see id., "a complaint may be dismissed if plaintiff's failure to exhaust administrative remedies is apparent from the face of the complaint." Id. (citing Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005)); see also Howard v. City of N.Y., No. 02-CV-1731 (KMK), 2006 WL 2597857, at *7 (S.D.N.Y. Sept. 6, 2006). Hence, since it is clear that Plaintiff has not exhausted the administrative remedies available to him, his claims must be dismissed.

### 2. The County Defendants' Rule 12(b)(6) Motion

Plaintiff's Complaint fails to state a claim upon which relief can be granted. His Complaint against the County Defendants fails to raise a constitutional rights violation sufficient to warrant liability pursuant to a 42 U.S.C. § 1983 claim. Further, it is apparent from the face of Plaintiff's Complaint that he has failed to exhaust his administrative remedies as required by the PLRA. Moreover, Plaintiff does not allege any practice or policy raising a claim of municipal liability under Monell. Hence, dismissal of Plaintiff's Complaint as against the County Defendants pursuant to Rule 12(b)(6) is warranted.

#### (a) *NCCC and the Sheriff's Department*

NCCC is a correctional facility operated by the Sheriff's Department, an administrative agency of Nassau County. Municipal agencies are not subject to suit apart from the municipality as they do not have an independent legal identity. See Davies v. Lynbrook Police Dep't, 224 F. Supp. 2d 463 (E.D.N.Y. 2002); Hall v. City of White Plains, 185 F. Supp. 2d 293 (S.D.N.Y. 2002). Therefore, insofar as Plaintiff seeks to allege a claim against NCCC, the Complaint is dismissed.

#### (b) *Suozzi and Reilly*

In order to allege liability of supervisory personnel for a violation of a constitutional right, Plaintiff must allege personal involvement of those individuals in the acts alleged to constitute deprivation of his constitutional rights. See Wright v. Smith, 21 F.3d 496 (2d Cir. 1994).

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the

> continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (further citation omitted). Plaintiff fails to allege any personal involvement of either Suozzi or Reilly in his claims; or allege other facts that raise a claim of supervisor liability for constitutional violations. Thus, Plaintiff's Complaint is dismissed as to Suozzi and Reilly.

### (c) *Golio*

The claims against Golio must also be dismissed. In a conclusory and vague manner, Plaintiff alleges that Golio conspired with Ryan to deprive him of his right to counsel in violation of the Sixth Amendment. Yet, Plaintiff's Complaint fails to provide the factual allegations of conspiracy necessary to state a claim under § 1985. Moreover, Golio is entitled to dismissal pursuant to the doctrine of qualified immunity. Hence, Plaintiff's Complaint is dismissed as to Golio.

### (d) *Nassau County*

In order to state a claim against a municipality under 42 U.S.C. §1983, a Plaintiff must allege a violation of constitutional rights as a result of a municipal policy or custom. See Monell v. Dep't of Social Servs City of N.Y., 436 U.S. 658 (1978). Plaintiff fails to allege any policy or custom of the County which resulted in a violation of any right, much less one of constitutional dimension. The Complaint is therefore dismissed as to Nassau County.

(e) *Section 1983*

Plaintiff claims that as a result of unspecified wrongdoing, the County Defendants violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. However, since the Complaint does not allege any factual allegations to substantiate Plaintiff's claims, or his Due Process or Equal Protection rights under the Fourteenth Amendment.[5] Therefore, Plaintiff's Complaint is dismissed for failure to state a cause of action under 42 U.S.C. §§ 1983 or 1985.

Based upon the foregoing, Plaintiff's Complaint is dismissed in its entirety.

C.      *Standard of Review for a Motion to Amend*

Permission to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "The decision to grant or deny a request to amend is within the discretion of the district court." Sanrio Co., Ltd. v. Epic Trading, Inc., No. 04-cv-5428 (NG)(MDG), 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005)(Go, M.J.) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); John Hancock Mut. Life Inc. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)). A discretionary denial, however, must be based on good cause, such as futility. See Chill v. General Elec. Co., 101 F.3d 263, 272 (2d Cir. 1996); Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995).

---

[5] In any event, Plaintiff cannot bring a Fifth Amendment claim against the County Defendants as they are not federal officials. See Andrews v. City of N.Y., 2004 U.S. Dist. LEXIS 30290, at *37 (E.D.N.Y. Nov. 23, 2004) (instructing Fifth Amendment applies only to violations of due process committed by federal officials).

D.  *The Plaintiff's Motion to Amend*

In opposition to Defendants' Motions to Dismiss his Complaint, Plaintiff seeks to amend the Complaint. The proposed amended Complaint adds: (1) three new party Defendants: Lieutenant Blazak, Lieutenant Cotto and Mark Barber, all employees of the Nassau County Sheriff's Department; and, <u>inter alia</u>, (2) a new claim of refusal to provide medical treatment.

Plaintiff's proposed amended Complaint does not remedy any of the jurisdictional and pleading failures which warranted dismissal of his first Complaint as to the Defendants named therein. Moreover, and insofar as the proposed amended Complaint seeks to allege claims against three newly added Defendants, it: (1) fails to allege claims against the proposed new Defendants with sufficient amplification of facts to render Plaintiff's claims plausible; (2) fails to state enough facts to make Plaintiff's prior claims of alleged constitutional violations plausible; and (3) makes apparent on its face that Plaintiff failed to exhaust all administrative remedies available to him. Since the proposed amended Complaint is subject to dismissal, granting the motion to amend would be improper. Therefore, Plaintiff's Motion to Amend is denied based upon futility.

IV.     Conclusion

(1) The federal Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED; (2) the County Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED; and (3) Plaintiff's Motion to Amend is DENIED.  Based upon dismissal of the Complaint and denial of Plaintiff's Motion to Amend the Complaint, his remaining applications are denied as moot.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　___/s/ *Sandra J. Feuerstein*___
　　　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein,
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  September 16, 2008
　　　　　Central Islip, New York